UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>VS.<br><br>HANOVER INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)   C.A. No.: 3:15-CV-992-AVC<br>)<br>)<br>)<br>)<br>)<br>)<br>)   November 16, 2015<br>) |

**CONTINENTAL CASUALTY COMPANY'S LOCAL RULE 56(A)2 STATEMENT IN OPPOSITION TO HANOVER'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**Par. #**         **Defendant's Statement of "Material Fact"**

1.         The Hanover Policy is a Businessowners Coverage Form.  (*See* Hanover Insurance Policy, attached hereto and marked as Exhibit 1).

**Plaintiff's Response:**

**Denied as drafted.  The Hanover policy (primary) is labeled "Businessowners Coverage Form" above the Table of Contents (page 1) and on page 3, and states at the bottom that it "Includes copyrighted material of Insurance Services Office, Inc. with its permission."**

**Par. #**         **Defendant's Statement of "Material Fact"**

2.         The Hanover Policy provides in relevant part:

SECTION II - LIABILITY

    A.   Coverages

        1.   Business Liability

      a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply.  We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

(Ex. l, Form 391-1003 06 09 at p. 46 of 66).

**Plaintiff's Response:**

**Denied as drafted.  It is admitted that the Hanover policy contains the quoted language.   However, it also states in relevant part on page 97 of the filing (and as Exhibit B to the Antkowiak Affidavit):**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

ADDITIONAL INSURED - MANAGERS OR LESSORS OF PREMISES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY

SCHEDULE*

Designation of Premises (Part leased to You):
202 S MONTOWESE
BRANFORD CT
06405

Name of Person or Organization (Additional Insured):
GEORGE GERCKEN

Additional Premium: INCLUDED

2

A.  The following is added to Paragraph C. WHO IS AN INSURED in the Businessowners Liability Coverage Form:

   4.  The person or organization shown in the Schedule is also an Insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.

B.  The following exclusions are added:

   This Insurance does not apply to:
   1.  Any "occurrence" that takes place after you cease to be a tenant in the premises described in the Schedule.
   2.  Structural alterations, new construction or demolition operations performed by or for the person or organization designated in the Schedule.

*Information required to complete this Schedule, if not shown on this endorsement, will be shown in the Declarations.

**Par. #**          **Defendant's Statement of "Material Fact"**

3.  The Hanover Policy provides that "In Section II – Liability, the word "insured" means any person or organization qualifying as such under Paragraph C - Who Is An Insured." (See Ex. 1, Form 391-1003 06 09 at p. 4 of 66 (emphasis in original)).

**Plaintiff's Response:**

   **Denied as incomplete.  The policy also states on page 56 – 57 of the form as to Who Is An Insured:**

   c.  **Who Is An Insured**
       1.  If you are designated In the Declarations as:

           a.  An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

3

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

4. The Hanover Policy further contains an Additional Insured – Managers or Lessors of Premises endorsement ("the AI Endorsement"), (Ex. 1).

**Plaintiff's Response:**

**Admitted.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

5. The AI Endorsement provides in relevant part as follows:

   A. The following is added Paragraph C. WHO IS AN INSURED in the Businessowners Liability Coverage Form:

      4. The person or organization shown in the Schedule is also an insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.

   *(See* Ex. I, BP 04 02 01 87).

**Plaintiff's Response:**

**Denied.  It is admitted that Hanover has accurately quoted part of the AI Endorsement.  All of the endorsement language is relevant and it cannot be chopped up in parts or the meaning is fractured.  The entire endorsement is quoted in response to Item 2 above.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

6. The Schedule in the AI Endorsement lists "George Gercken" under the heading "Name of Person or Organization (Additional Insured)." *(See* Ex. I, BP 04 02 01 87).

4

**Plaintiff's Response:**

> **Denied.  The schedule names George Gercken as an Additional Insured even though the Lease specifically identifies George and Maureen Gercken as "Lessor." The Lease is Exhibit C to the Antkowiak Affidavit. Document 29-3.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

7.       Maureen Gercken is not listed in the AI Endorsement. *(See* Ex. 1, BP 04 02 01 87).

**Plaintiff's Response:**

> **Denied.  The schedule does not name Maureen Gercken.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

8.       The Schedule lists "202 S Montowese, Branford CT 06405" under the heading "Designation of Premises (Part Leased to You)." *(See* Ex. 1, BP 04 02 01 87).

**Plaintiff's Response:**

> **Denied.  The schedule designates the premises address as 202 S. Montowese Street, Branford, CT  06405.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

9.       George and Maureen Gercken entered into a Lease Agreement dated July 9, 2007 with Garceau Laundry, LLC doing business as Sea Suds. *(See* Lease Agreement at Articles I, II, and III, attached hereto and marked as Exhibit 2).

**Plaintiff's Response:**

> **Denied as incomplete.  George and Maureen Gercken "jointly called Lessor" entered into and both executed as Lessor a Lease.  Exhibit C to Antkowiak Affidavit. Document 29-3.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

10.      The Lease Agreement stated in part: "The Lessor ... does hereby demise lease [sic] Retail Office Space to the Lessee 1,210 square feet of in a building located on

5

premises known as 202 South Montowese Street, situated in the Town of Branford." (Ex. 2 at Article II).

**Plaintiff's Response:**

**Denied as incomplete. The Lease Agreement states that the Lessor [George and Maureen Gercken] in consideration of the covenants, conditions, agreements and stipulations of the Lease hereinafter expressed does hereby demise the lease retail office space to the Lessee…"**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|
| 11. | The Lease Agreement further provided that the premises were to be used as a laundromat. (Ex. 2 at Article III). |

**Plaintiff's Response:**

**Admitted.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|
| 12. | Pursuant to the terms of the Lease Agreement, Garceau agreed "to provide or pay for all internal building maintenance for their rented space." (*See* Ex. 2 at Article V). |

**Plaintiff's Response:**

**Denied as incomplete. The Lease states:**

**ARTICLE V**
**Lessee agrees to provide or pay for all internal building maintenance for their rented space and including but not limited to heat, electrical, air conditioning, water and trash. However, Lessee shall not be responsible for repairs due to fire or other casualty covered by fire and extended coverage insurance. The Lessee understands and agrees to make payments to the Lessor for water every three months. The Lessee understands that the Lessor will deduct the usage of water used by the other First floor tenant by reading a private meter, which will give the total usage of water by the Lessee. Lessee agrees to pay twenty-five percent of the cost of snow plowing.**

## ARTICLE VI

**Lessor agrees to provide all structural and/or external maintenance, and external repairs, and upkeep of said premises including and snowplowing. Lessee is responsible for external repairs due to business usage.**

**Lessee agrees to snow shovel the front and rear entrances to building. Lessee agrees to replace light bulb to external fixtures. Lessee understands that this building has been and will remain a smoke free and pet free environment. Lessee agrees and is responsible for removal of trash and dumpster fee. Lessee is responsible for keeping the walkways and parking lot free of trash and debris. Lessee is responsible for the maintenance of smoke detectors. Lessee understands that space heater are forbidden.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

13. Mr. and Ms. Gercken, as lessor, were responsible under the Lease Agreement "to provide all structural and/or external maintenance, and. external repairs, and upkeep of said premises." (Ex. 2 at Article VI).

**Plaintiff's Response:**

   **Denied as incomplete. See response to Number 12.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

14. By Amended Complaint dated September 26, 2014, Anne Tassmer and Wilbur Tassmer asserted claims for injuries allegedly resulting from a fall-down incident that occurred on an exterior rear staircase at 202 South Montowese Street in Branford, Connecticut. *(See* Amended Complaint, dated September 26, 2014. attached hereto and marked as Exhibit 4).

**Plaintiff's Response:**

   **Admit the Amended Complaint is a true copy but otherwise the Amended Complaint speaks for itself.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

15. Anne Tassmer seeks damages for injuries she allegedly sustained when she fell "due to a defective, worn, weathered, and/or slippery stair tread/nose on the exterior rear staircase" while she was at the property. (Ex. 4 at Count I, II, & III).

7

**Plaintiff's Response:**

> **Denied as stated but admitted that defendant has accurately quoted a portion of the underlying pleading.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|
| 16. | Wilbur Tassmer seeks damages for loss of spousal consortium as a result of the alleged injuries to Anne. (Ex. 4 at Count V, VI, & VII). |

**Plaintiff's Response:**

> **Admitted.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|
| 17. | In the Amended Complaint, Wilbur and Anne Tassmer assert independent and identical claims against each of the defendants, Maureen Gercken, George Gercken, and Garceau. (Ex. 4). |

**Plaintiff's Response:**

> **The Amended Complaint speaks for itself.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|
| 18. | Each of the counts in the Amended Complaint alleges that each defendant "failed to properly install the subject staircase," "failed to properly maintain the subject staircase," "failed to properly and reasonably inspect the subject staircase area for dangerous and defective conditions," "failed to properly clean the subject staircase," "failed to fix and/or replace the broken and/or defective stair tread/nose on the subject staircase," "failed to warn the plaintiff of the dangerous condition on the subject staircase," and "knew or in the exercise of reasonable care and inspection should have known of the aforementioned conditions and should have taken measures to remedy and correct the same, but...carelessly and negligently failed to do." (Ex. 4). |

**Plaintiff's Response:**

> **Admitted.**

8

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

19. There are four commercial tenants located at 202 South Montowese Street, consisting of the Garceau laundromat, a pizzeria, and two second floor offices. *(See* Deposition of Maureen Gercken, dated October 1, 2014 at pp. 18-19, 23-24, attached hereto and marked as Exhibit 3).

**Plaintiff's Response:**

Admitted.

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

20. At the rear of the premises at 202 South Montowese Street, there is a "common" exterior stair case which leads to a common porch. *(See* Ex. 3 at 37-38).

**Plaintiff's Response:**

**Denied to the extent it states that the pizzeria could access its premises through "this common exterior staircase."  Exhibit G to the Antkowiak Affidavit (Document 29-7) shows that only the laundromat and the upstairs architect and financial advisor can be reached through the exterior back stair; Maureen Gercken deposition Exhibit 3 to Ober Affidavit at page 38. Document 32-6.**

| Par. # | Defendant's Statement of "Material Fact" |
|---|---|

21. The rear entrance to the Garceau laundromat and a stairway to the two second floor offices are both accessed off this common porch *(See* Ex. 3 at pp. 37-43).

**Plaintiff's Response:**

Admitted.

Dated: November 16, 2015
New York, New York

        **PLAINTIFF, CONTINENTAL CASUALTY COMPANY**

BY   /s/ Marian S. Hertz
Marian S. Hertz (phv074584)
Colliau Carluccio Keener
   Morrow Peterson & Parsons
125 Broad Street, 7th Floor
New York, NY  10004
Tel. (212) 440-2743
Fax (212) 440-2749
Email:  marian.hertz@cna.com

BY    /s/ William A. Meehan
William A. Meehan (ct19300)
Slutsky, McMorris & Meehan, LLP
396 Danbury Road
Wilton, CT  06897
Tel. (203) 762-9815
Fax (203) 762-9864
Email:  williammeehan@snet.net

## CERTIFICATION

     I hereby certify that on November 16, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

        /s/ William A. Meehan
        William A. Meehan (ct19300)